IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WALTER SCOTT, | CIVIL ACTION |
| --- | --- |
| Plaintiff, | |
| v. | |
| MICHAEL NUTTER, LOUIS GIORLA, MICHELLE FARRELL AND P.H.S./CORIZON, INC., | NO. 16-0197 |
| Defendant. | |

## MEMORANDUM OPINION

*Pro se* plaintiff Walter Scott brings this action under 42 U.S.C. § 1983 ("Section 1983"). He alleges violations of his constitutional rights while incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), a Philadelphia Prison System facility. Presently before the Court are two motions to dismiss filed by: (1) Defendants Michael Nutter, the former Mayor of Philadelphia; Louis Giorla, the former Commissioner of the Philadelphia Prison System; and Michelle Farrell, the former Warden of CFCF (the "Supervisor Defendants"); and (2) Defendant Corizon Health, Inc., formerly known as Prison Health Services, Inc. ("Corizon"). Although Scott has not responded to either motion, "a motion to dismiss under Rule 12(b)(6) should not be granted without an analysis of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions." *Ray v. Reed*, 240 Fed. App'x 455, 456 (3d Cir. 2007) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Having considered Scott's complaint on the merits, both motions to dismiss shall be granted for the reasons outlined herein. Scott will be afforded leave to file an amended complaint.

I.  **FACTUAL BACKGROUND**

This litigation arises from an assault on Scott by other prisoners while he was incarcerated at CFCF. At the time of the incident, Scott was housed in a storage room that had been converted to a four-person cell. Between September 1, 2015 and September 8, 2015, two of Scott's cellmates held him

hostage in the cell while they beat, punched, and stabbed him. Scott's third cellmate, Przenyslaw Gryczewski, was also a victim of the assault.[1] Scott pushed a buzzer in the cell in an effort to call for assistance, but no one responded. Scott reported the assault to a guard, who informed a sergeant of the incident, and Scott was moved to another unit.

Two months after the assault, on November 24, 2015, Scott was taken to Temple Hospital for treatment. He was diagnosed with permanent interior ear damage.

Scott does not specify when he reported the assault[2] or when he was moved to another unit. He has not provided the names of any individuals who were personally involved the incident, including the prisoners who assaulted him, the guard to whom he made the report, the sergeant who was contacted by the guard, or any medical personnel involved in acts or omissions related to his treatment.

Scott has brought Section 1983 claims against the Supervisor Defendants and Corizon, who have now filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Supervisor Defendants argue that Scott has failed to allege that they (a) were personally involved in any constitutional violations, or (b) caused the harm through deliberate indifference to an unconstitutional policy. Corizon contends that Scott's complaint has not alleged the existence of any unconstitutional policy, practice, or custom established or maintained by Corizon.

## II.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to

---

[1] Gryczewski was dismissed from this action by order of January 4, 2017 (*see* Doc. No. 6).

[2] It is unclear from Scott's complaint whether he has filed a grievance through CFCF's internal grievance procedure. Scott drafted his complaint using the Eastern District of Pennsylvania's form complaint, revision date 10/2009. That form provides blank spaces for petitioners to insert information pertaining to the exhaustion of administrative remedies. Scott has checked "yes" to indicate that he filed a grievance, but he also completed the section that prompts plaintiffs who have *not* filed grievances to explain their reasons for not doing so, stating: "I was threatened with more injuries if I told anyone." Compl. at 4-5.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id*. Where, as here, the plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

While *pro se* plaintiffs cannot be held to as high a pleading standard as other litigants, the Court cannot infer facts central to a plaintiff's claims that are not stated in the complaint or other documents before the Court. *See, e.g.*, *Hamilton v. Jamieson*, 355 F. Supp. 290, 298 (E.D. Pa. 1973); *Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1988) (collecting cases in which courts have required *pro se* litigants to adhere to basic pleading requirements); *Case v. State Farm Mutual Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961) ("[T]here is no duty [on the part] of the trial court or appellate court to create a claim which appellant has not spelled out in his pleading.").

### III.  DISCUSSION

#### 1. The Supervisor Defendants' Motion to Dismiss

To state a claim under Section 1983, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). While "[g]overnment officials may not be held liable [under Section 1983] for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First. Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Supervisor defendants may be liable if (a) they were personally involved in the constitutional violation, *i.e.* they "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in

3

charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* (quotation omitted). Supervisor defendants may also be liable if (b) "they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm.'" *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

      a.  <u>Scott Has Not Alleged the Personal Involvement of the Supervisor Defendants</u>

A defendant's "personal involvement" in an alleged wrong "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

Even construing the complaint liberally, Scott has stated insufficient facts to establish that any of the Supervisor Defendants were personally involved in a constitutional violation. He does not allege that Nutter, Girola, or Farrell participated in the assault, directed others to commit it, or had actual knowledge of and acquiesced in it. *Barkes*, 776 F.3d at 316. Accordingly, Scott has failed to state a claim against the Supervisor Defendants under the "direct participation" theory of liability.

To the extent that Scott's claim against the Supervisor Defendants is based on a *respondeat superior* theory of liability, his claim is precluded because the Third Circuit has expressly rejected that theory in Section 1983 cases. *See Phelps v. Flowers*, 514 Fed. App'x 100, 102 (3d Cir. 2013) ("[L]iability under § 1983 cannot be premised on the theory of respondeat superior . . . .").

      b.  <u>Scott Has Not Alleged that the Supervisor Defendants Caused the Constitutional Harm by Maintaining a Policy, Practice, or Custom with Deliberate Indifference to Risk of Injury</u>

The Supervisor Defendants may nevertheless be held liable under Section 1983 if they caused a constitutional violation by maintaining – with deliberate indifference – a policy, practice, or custom that created an unreasonable risk of the ultimate injury. To establish liability under this theory, "[t]he

4

plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *see also Barkes*, 766 F.3d at 330. The Third Circuit has emphasized that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." *Id*. (citing *Sample*, 885 F.2d at 1118). Rather, a plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest a relationship between the injury suffered and the "identified deficiency" of a policy or custom. *Id*.

Scott's complaint does not allege a policy, practice, or custom of overlooking assaults by cellmates, or of housing prisoners in storage rooms. The complaint does not contain any facts that might establish a practice or custom; Scott does not allege facts, for example, to show that other prisoners experienced similar incidents. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (plaintiff's complaint did not "allege other inmates suffered similar deprivations . . . that might establish a custom") (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (custom may be proven by showing that a specific course of conduct is "well-settled and permanent," even if that conduct is not expressly endorsed by a written rule)).

In sum, even construing the complaint liberally, Scott has not set out any facts to establish supervisory liability under either the "direct participation" or "deliberate indifference to an

5

unconstitutional policy or practice" tests. Accordingly, the Supervisor Defendants' motion to dismiss shall be granted.

**2. Corizon's Motion to Dismiss**

    a. <u>Scott Has Not Alleged that Corizon Caused the Constitutional Harm Through a Policy or Custom</u>

Corizon argues for dismissal of Scott's complaint on the basis that it does not allege injury resulting from the implementation or execution of a policy or custom approved or issued by a Corizon policymaker.

Corizon is a private corporation which may be held liable under Section 1983 only if, while acting under color of state law, it was responsible for a policy or custom that caused the alleged constitutional violation. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) ("In order for [Prison Health Services] to be liable, [the plaintiff] must provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation they allege."); *see also Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. App'x 142, 147 (3d Cir. 2012); *Velasquez v. Hayman,* 546 Fed. App'x 94, 98 (3d Cir. 2013); *Brower v. Corizon Health Servs., Inc.*, No. 15-5039, 2016 WL 2346754, at *3 (E.D. Pa. May 4, 2016).

Scott has not alleged that his injury resulted from the implementation of a policy or custom adopted by Corizon. Indeed, other than listing Corizon as a defendant and seeking injunctive relief against it,[3] the complaint does not make any reference to Corizon. In the absence of allegations supporting the existence of a policy or custom by Corizon, Scott's claims against Corizon must fail. *See, e.g.*, *Natale*, 318 F.3d at 583-84; *Brower*, No. 15-5039, 2016 WL 2346754, at *3 (dismissing a Section 1983 claim against Corizon for failure to identify a policy, custom, or policymaker).

---

[3] Under "Relief," Scott's complaint states: "I want the prison to make changes in security procedures, Admin/staff and Medical PHS/Corizon Inc." Compl. at 5.

6

## IV. LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 108 (emphasis omitted). Because it is conceivable that Scott could amend his complaint to state a viable claim against the Defendants, he is granted such leave to amend.

## V. CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Corizon and the Supervisor Defendants are **GRANTED** and Scott shall have leave to amend his complaint.

An appropriate order follows.

Dated: **April 24, 2017**

                                                **BY THE COURT:**

                                                **/S/WENDY BEETLESTONE, J.**

                                                _____

                                                **WENDY BEETLESTONE, J.**